RYDER, Judge.
Bobby Jack Cornelius appeals from his convictions and sentences for fifteen counts of lewd assault on a child. Count One charged that a lewd assault occurred in November 1979. Counts Two through Fifteen charged one lewd assault for each month from December 1979 through January 1981, inclusive. We affirm in part and reverse in part.
After the state presented its evidence, Cornelius moved for a judgment of acquittal on each count contending that the state failed to prove fifteen lewd assaults. The trial court denied this motion. After the defense rested, the motion for judgment of acquittal was renewed and again denied.
The principal witness for the state, appellant’s daughter, was the victim. She testified that the first lewd assault occurred after her parents were divorced. The victim stated that the assault took place during her second or third visit with her father. In response to a question on cross-examination, the victim agreed that the assaults began in November 1979. She could not remember, however, when or how often the subsequent assaults occurred, or whether an assault occurred more than once. No other evidence exists in the record to substantiate the allegations of the remaining fourteen counts of lewd assault. As the evidence was legally insufficient to support Counts Two through Fifteen, the motion for judgment of acquittal should have been granted on those counts. Tibbs v. State, 397 So.2d 1120 (Fla.1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).
In his other points on appeal, appellant Cornelius has not shown reversible error. We therefore affirm appellant’s conviction and sentence for lewd assault as charged in Count One of the information, and set aside his convictions and sentences for lewd assault as charged in Counts Two through Fifteen of the information.
AFFIRMED in part and REVERSED in part.
OTT, C.J., and BOARDMAN, J., concur.